IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                                                No. 2:23-cv-799 DHU/KRS

RONALD MARTINEZ, and
HECTOR BALDERAS, Attorney General
of the State of New Mexico,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Petitioner Bryce Franklin's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody, (Doc. 1), filed September 18, 2023. Petitioner is a prisoner and is proceeding *pro se*. He paid the $5.00 filing fee on September 18, 2023. (Doc. 2). Petitioner brings two claims against Defendants based on a 2017 New Mexico Corrections Department disciplinary conviction (Misconduct Report #N-17-06-10): (1) Denial of Due Process Because of Impartial Factfinder; and (2) Denial of Due Process by Refusing to Call Inmate. (Doc. 1) at 2, 4. Because Petitioner raised § 2241 claims based on this identical disciplinary proceeding in a previous case (Case No. 1:19-cv-450), the Court will order Petitioner to show cause why his Petition should not be dismissed as successive and/or abusive.

    **I.**    **Background**

    Petitioner challenges New Mexico Corrections Department disciplinary conviction Misconduct Report #N-17-06-10, in which he was convicted for Possession of Tattoo Paraphernalia, resulting in a loss of 60 days of good time. (Doc. 1) at 1. Petitioner brings two

claims: (1) Denial of Due Process Because of Impartial Factfinder; and (2) Denial of Due Process by Refusing to Call Inmate. *Id.* at 2, 4. In support of his first claim, Petitioner states: "At a separate hearing, the disciplinary officer testified Franklin has no constitutional rights at a disciplinary hearing, he is not required to review exculpatory evidence and it is his job to have the department's back." *Id.* at 2. In support of his second claim, Petitioner states: "Inmate Nick Gonzales could have testified to the fact that his property was mixed with someone else's. He could have testified that he saw Franklin's and Nick's property thrown and mixed with other inmates['] property." *Id.* at 4. For relief, Petitioner asks the Court to: "Expunge the inmate misconduct report, and restore loss of good time." *Id.* at 7. Petitioner acknowledges that he previously filed a habeas petition in this Court regarding the same disciplinary conviction. *Id.* at 6 (identifying Case No. 1:19-cv-450).

Petitioner appealed both grounds for relief to the New Mexico Third Judicial District Court by filing a petition for writ of habeas corpus in Case No. D-307-CV-2022-02103. *Id.* at 3-4. The state district court dismissed the habeas corpus petition, noting that Petitioner challenged the same disciplinary conviction, Misconduct Report #N-17-06-10, in a prior habeas petition, which was dismissed. Order Dismissing Petition for Writ of Habeas Corpus, dated November 10, 2022, filed in No. D-307-CV-2022-02103.[1] The state district court dismissed the habeas petition because Petitioner did not establish a basis for successive review under Rule 5-802(B)(6) NMRA and the

---

[1] The Court has reviewed the official record in Petitioner's state court proceedings through the New Mexico Supreme Court's re:SearchNM website, and it takes judicial notice of the official New Mexico court records in D-307-CV-2022-02103 and S-1-SC-39756. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

2

petition was untimely under Rule 5-802(C)(1)(b). *Id.* Petitioner appealed the dismissal of his state habeas petition to the New Mexico Supreme Court, and the New Mexico Supreme Court denied a petition for writ of certiorari. Order Denying Writ of Certiorari, dated March 21, 2023, filed in Case No. S-1-SC-39756.

## II.     Legal Standard

Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies both to successive claims that actually were raised in the prior petition, as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995) ("The Supreme Court has said that the abuse-of-the-writ doctrine ... applies to section 2241 petitions."); *Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995) (explaining a successive application raises claims identical to those raised and rejected on the merits in a prior application, and an abusive application raises new claims that were available but were not raised in a prior application). A court may decline to consider a successive claim, "unless hearing the claim would serve the ends of justice." *Graewe v. English*, 796 F. App'x 492, 496 (10th Cir. 2019) (unpublished) (citing *Stanko*, 617 F.3d at 1269). A court may decline to consider an abusive claim, unless the petitioner demonstrates that "the omission was not the result of inexcusable neglect." *Id.* (citing *Stanko*, at 1271). Although the court may raise the statutory bar *sua sponte*, the

3

petitioner must be given notice and an opportunity to respond at least with respect to abusive claims. *See Stanko*, 617 F.3d at 1271.[2]

### III. Discussion

Petitioner's § 2241 Petition raises claims challenging the same disciplinary proceeding he challenged in Case No. 1:19-cv-450. His second claim—that his due process rights were violated because he was not able to call witness Nick Gonzales to testify during the disciplinary proceedings—appears identical to claims he raised in the earlier § 2241 petition. The Magistrate Judge in that case recommended dismissal of the claims because "the substance of what Mr. Gonzales would have testified to was before the hearing officer," and "given the prison's limitation on the presence of Level VI inmates at other inmate's hearings, the hearing officer had the discretion to deny Mr. Gonzales as a witness." Proposed Findings and Recommended Disposition (PFRD), dated October 27, 2021, at 9-10 (Doc. 22, filed in Case No. 1:19cv450). The District Judge subsequently considered Petitioner's objections and adopted the PFRD, finding that Petitioner's due process rights were not violated because "any error by prison officials in failing to call Mr. Gonzales as a witness was harmless," and "[t]he hearing officer here considered Petitioner's request to call Mr. Gonzales on an individualized basis and had the discretion to deny Mr. Gonzales as a witness." Order Adopting Magistrate Judge's PFRD, dated February 22, 2022, at 6-7 (Doc. 32, filed in Case No. 1:19cv450). The Tenth Circuit Court of Appeals affirmed the Court's decision, stating: "The district court, and the magistrate judge for that matter, thoroughly

---

[2] Section 2244(b) requires that before this Court may consider a second or successive § 2254 habeas petition, Petitioner "shall move in the [Tenth Circuit] for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). But Tenth Circuit authorization is not needed for second or successive § 2241 habeas petitions. *Stanko*, 617 F.3d at 1269 n.5 ("Habeas petitions brought under § 2241 are not mentioned anywhere in § 2244(b). Accordingly, the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241.").

4

examined both arguments. After providing detailed reasoning, it concluded that Franklin's due process rights were not violated. On appeal, Franklin fails to adequately identify any errors in the district court's analysis. Nor do we see any." *Franklin v. FNU Horton*, 2022 WL 20154299, at 1 (D.N.M. June 15, 2022).

Accordingly, Petitioner's second claim, "Denial of Due Process by Refusing to Call Inmate," appears to be successive because it is identical to claims that were previously raised and rejected on the merits in Case No. 1:19-cv-450. In addition, Petitioner's first claim—that his due process rights were violated because the factfinder was not impartial—appears to be abusive because it could have been raised in his previous § 2241 petition. Petitioner argues in his § 2241 Petition that "the second/successive standard should not be applied to this petition" because the Court in his earlier § 2241 case did not hold an evidentiary hearing, and because "this petition raises new facts and arguments not discovered until[] after the ruling on the first petition." (Doc. 1) at 8. Petitioner further states: "Hearing officer's relevant testimony was not acquired until[] after this petition was denied." *Id.*

A court may "decline to hear a habeas petition that presents a claim raised and adjudicated on the merits in an earlier proceeding, unless hearing the claim would serve the ends of justice." *Graewe*, 796 F. App'x at 496; *see also Mays v. Carter*, 2022 WL 6616350, at *1 (10th Cir. Oct. 11, 2022) (unpublished). "To say that a claim was adjudicated on the merits is simply to say that it was not dismissed without prejudice; that is, a claim is dismissed 'on the merits' when the ruling—whether it is based on the substance of the claim or a procedural bar such as a statute of limitations—prohibits the party from bringing the same claim before the same court again." *Hill v. Daniels*, 504 F. App'x 683, 687 (10th Cir. 2012) (unpublished) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502-06 (2001)).

5

Additionally, "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Zaring v. Davis*, 510 F. App'x 766, 768 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Stanko*, 617 F.3d at 1271). "The same standards that govern procedural default determinations govern inexcusable neglect determinations: the petitioner must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice, or, in the absence of cause, the petitioner must show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Stanko*, 617 F.3d at 1271 (citing *McClesky v. Zant*, 499 U.S. 467, 489, 493-95 (1991)). To demonstrate cause for failure to raise a claim in a previous § 2241 petition, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings." *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (quoting *McClesky*, 499 U.S. at 493-94). "The standard is an objective one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was 'reasonably available' upon diligent inquiry." *Id.* (quoting *McCleskey*, 499 U.S. at 494).

If Petitioner demonstrates cause, he must also show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Prejudice" requires a showing that petitioner suffered actual and substantial disadvantage as a result of his

6

failure to comply with procedural rules. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Jones v. State of Kansas*, 2005 WL 2035044, at *1 (D. Kan. Aug. 23, 2005) (unpublished).

Alternatively, Petitioner must demonstrate a fundamental miscarriage of justice, which occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Based on the foregoing, the Court finds that Petitioner's initial assertions that his Petition should not be dismissed as successive or abusive are insufficient to overcome § 2244(a)'s statutory bar. Petitioner has not demonstrated that his claims are not identical to those raised and rejected on the merits in his prior § 2241 Petition in Case No. 1:19-cv-450, or that his omission of the claims in the prior case was the not result of inexcusable neglect. The Court will allow Petitioner an opportunity to show cause why his Petition should not be dismissed as successive and/or abusive. *See Stanko*, 617 F.3d at 1271 (courts may raise abuse of the writ *sua sponte*, so long as it gives the petitioner notice and an opportunity to respond).

### IV.   Conclusion

Based on the foregoing, Petitioner is directed to show cause why his Petition should not be dismissed as successive and/or abusive. To show cause, Petitioner must demonstrate that: (1) his claims challenging the constitutionality of the disciplinary conviction that resulted in the deprivation of good conduct time were not previously raised and adjudicated in an earlier habeas proceeding; and (2) that he could not have raised his claims in an earlier § 2241 action, as set forth above. Petitioner's show cause response must include all arguments on this topic. All filings

should include the case number (24-cv-0799 DHU/KRS). All mailing envelopes should also be labeled as Legal Mail and include the Petitioner's inmate number in the return address. The failure to timely comply may result in dismissal of this case.

**IT IS THEREFORE ORDERED** that Petitioner show cause in writing **within thirty (30) days** from the date of this Memorandum Opinion and Order why this § 2241 Petition should not be dismissed as successive and/or abusive.

**SO ORDERED.**

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE