IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

     Petitioner,

v.                                    No. 2:23-cv-799 DHU/KRS

RONALD MARTINEZ, and
HECTOR BALDERAS, Attorney General
of the State of New Mexico,

     Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Bryce Franklin's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) (Petition), filed September 18, 2023. Petitioner is a prisoner, is proceeding *pro se*, and paid the $5.00 habeas filing fee. Petitioner brings two claims against Respondents based on a 2017 New Mexico Corrections Department disciplinary conviction (Misconduct Report #N-17-06-10): (1) Denial of Due Process Because of Impartial Factfinder; and (2) Denial of Due Process by Refusing to Call Inmate. (Doc. 1) at 2, 4. The Court previously directed Petitioner to show cause why this § 2241 proceeding should not be dismissed under 28 U.S.C. § 2244(a) as successive and/or abusive. *See* (Doc. 4). Because Petitioner's responses do not overcome the statutory bar, the Court will dismiss the Petition without prejudice.

### I.    Background

This case involves Petitioner's second challenge to New Mexico Corrections Department disciplinary Misconduct Report #N-17-06-10, in which he was convicted for Possession of Tattoo

Paraphernalia, resulting in a loss of 60 days of good-time credits. (Doc. 1) at 1. Petitioner brings two claims: (1) Denial of Due Process Because of Impartial Factfinder; and (2) Denial of Due Process by Refusing to Call Inmate. *Id.* at 2, 4. In support of his first claim, Petitioner states: "At a separate hearing, the disciplinary officer testified Franklin has no constitutional rights at a disciplinary hearing, he is not required to review exculpatory evidence and it is his job to have the department's back." *Id.* at 2. In support of his second claim, Petitioner states: "Inmate Nick Gonzales could have testified to the fact that his property was mixed with someone else's. He could have testified that he saw Franklin's and Nick's property thrown and mixed with other inmates['] property." *Id.* at 4. For relief, Petitioner asks the Court to: "Expunge the inmate misconduct report, and restore loss of good time." *Id.* at 7. Petitioner acknowledges that he previously filed a habeas petition in this Court regarding the same disciplinary conviction. *Id.* at 6 (identifying Case No. 19-cv-450 MIS/KRS).

Petitioner appealed both grounds for relief to the New Mexico Third Judicial District Court by filing a petition for writ of habeas corpus in Case No. D-307-CV-2022-02103. *Id.* at 3-4. The state district court dismissed the habeas corpus petition, noting that Petitioner challenged the same disciplinary conviction, Misconduct Report #N-17-06-10, in a prior habeas petition, which was dismissed. Order Dismissing Petition for Writ of Habeas Corpus, dated November 10, 2022, filed in No. D-307-CV-2022-02103.[1] The state district court dismissed the habeas petition because

---

[1] The Court has reviewed the official record in Petitioner's state court proceedings through the New Mexico Supreme Court's re:SearchNM website, and it takes judicial notice of the official New Mexico court records in D-307-CV-2022-02103 and S-1-SC-39756. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003)

2

Petitioner did not establish a basis for successive review under Rule 5-802(B)(6) NMRA and the petition was untimely under Rule 5-802(C)(1)(b).  *Id.*  Petitioner appealed the dismissal of his state habeas petition to the New Mexico Supreme Court, and the New Mexico Supreme Court denied a petition for writ of certiorari.  Order Denying Writ of Certiorari, dated March 21, 2023, filed in Case No. S-1-SC-39756.

On November 6, 2024, the Court entered a Memorandum Opinion and Order explaining that Petitioner's second claim, "Denial of Due Process by Refusing to Call Inmate," appears to be successive, and therefore barred by 28 U.S.C. § 2244(a), because it is identical to claims previously raised and rejected on the merits in Case No. 19-cv-450.  *See* (Doc. 4) at 5 (Screening MOO).  The Court further explained that Petitioner's first claim—that his due process rights were violated because the factfinder was not impartial—appears to be barred as abusive because it could have been raised in his previous § 2241 petition.  *Id.*  The Court set forth the legal standard for overcoming the statutory bar on hearing successive and abusive claims and directed Petitioner to show cause why the Court should not dismiss his § 2241 claims as successive and/or abusive.  *Id.* at 5-7.

Petitioner filed a Response to the Screening MOO.  (Doc. 5).  Petitioner argues his first claim is not abusive because he did not know of the hearing officer's bias until after his first petition was filed.  (Doc. 5) at 2-3.  He contends his second claim is not successive because he "is innocent of the charge" and the hearing officer failed to consider the testimony of Petitioner's proffered witness, Nick Gonzales.  *Id.* at 4-5.  In addition, Petitioner filed a Motion to Supplement Petition (Doc. 6), and a Supplemental Exhibit (Doc. 7), which is a letter by Mr. Gonzales contesting the

---

(unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

hearing officer's statement that he spoke with Mr. Gonzales regarding Petitioner's disciplinary proceedings.

## II.    Legal Standard

As explained in the Screening MOO, 28 U.S.C. § 2244(a) provides that the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies both to successive claims that actually were raised in the prior petition, as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *Pinson v. Berkebile*, 601 F. App'x 611, 614 (10th Cir. 2015) (noting "§ 2244(a) applies to § 2241 petitions" challenging prison disciplinary proceedings); *Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995) (explaining a successive application raises claims identical to those raised and rejected on the merits in a prior application, and an abusive application raises new claims that were available but were not raised in a prior application). A court may decline to consider a successive claim, "unless hearing the claim would serve the ends of justice." *Graewe v. English*, 796 F. App'x 492, 496 (10th Cir. 2019) (unpublished) (citing *Stanko*, 617 F.3d at 1269). A court may decline to consider an abusive claim, unless the petitioner demonstrates that "the omission was not the result of inexcusable neglect." *Id.* (citing *Stanko*, 617 F.3d at 1271). Although the court may raise the statutory bar *sua sponte*, the petitioner must be given notice and an opportunity to respond at least with respect to abusive claims. *See Stanko*, 617 F.3d at 1271.[2]

---

[2] Section 2244(b) requires that before this Court may consider a second or successive § 2254 habeas petition, Petitioner "shall move in the [Tenth Circuit] for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). But Tenth Circuit authorization is not needed for second or successive § 2241 habeas petitions. *Stanko*, 617 F.3d at 1269 n.5 ("Habeas petitions brought under § 2241 are not mentioned anywhere in § 2244(b). Accordingly,

### III.    Discussion

#### A. Petitioner's First Claim: Hearing Officer was not Impartial

Petitioner's first claim is titled "Denial of Due Process Because of Impartial Factfinder."
(Doc. 1) at 2, 4.  Petitioner states that on January 28, 2022, during an evidentiary hearing in an
unrelated case (Case No. 20-cv-576 MIS/JFR), Hearing Officer Kevin Quigley gave testimony
that Petitioner alleges demonstrates he was biased against Petitioner.  (Doc. 5) at 2-3; *see also* Doc.
50, filed in Case No. 20-cv-576 (Transcript of January 28, 2022 Evidentiary Hearing).  Petitioner
states that Hearing Officer Quigley's testimony in Case No. 20-cv-576 is the basis of his bias claim
in this case, and that Petitioner was not aware of the bias until the January 28, 2022 hearing.  (Doc.
5) at 2-3.  Petitioner argues his claim "should be heard on the merits because Franklin did not know
the bias of the hearing officer until[] after the first petition was filed."  *Id.* at 2.

As explained in the Screening MOO, "if a second or subsequent petition raises a claim that
could have been raised in an earlier petition, the petitioner must establish that the omission was
not the result of inexcusable neglect in order to proceed on the new claim."  *Zaring v. Davis*, 510
F. App'x 766, 768 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Stanko*, 617 F.3d at 1271).
"The same standards that govern procedural default determinations govern inexcusable neglect
determinations: the petitioner must establish cause for his failure to raise the claim in an earlier
proceeding and resulting prejudice, or, in the absence of cause, the petitioner must show that a
fundamental miscarriage of justice would result from a failure to entertain the claim."  *Stanko*, 617
F.3d at 1271 (citing *McClesky v. Zant*, 499 U.S. 467, 489, 493-95 (1991)).  To demonstrate cause
for failure to raise a claim in a previous § 2241 petition, a petitioner must show that some objective

---

the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas
petitions brought under § 2241.").

factor impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay.  Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings."  *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (quoting *McClesky*, 499 U.S. at 493-94).  "The standard is an objective one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was 'reasonably available' upon diligent inquiry."  *Id.* (quoting *McCleskey*, 499 U.S. at 494).

If Petitioner demonstrates cause, he must also show "actual prejudice as a result of the alleged violation of federal law."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  This requires a showing that Petitioner suffered an actual and substantial disadvantage as a result of the alleged violation.  *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Jones v. State of Kansas*, 2005 WL 2035044, at *1 (D. Kan. Aug. 23, 2005) (unpublished).  Alternatively, Petitioner must demonstrate a fundamental miscarriage of justice, which occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496. Petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Petitioner contends the omission of his bias claim was not the result of inexcusable neglect because he did not learn of Hearing Officer Quigley's testimony until January 28, 2022, which was after his § 2241 petition was filed in Case No. 19-cv-450.  (Doc. 5) at 2-3.  However, Petitioner's

6

previous § 2241 petition was not concluded until February 22, 2022, and was on appeal before the

Tenth Circuit Court of Appeals until June 15, 2022.  *See* Dockets in District Court Case No. 19-

cv-450 and Tenth Circuit Case No. 22-2030.  Accordingly, Petitioner had ample opportunity after

the January 28, 2022 hearing to attempt to amend his claims in Case No. 19-cv-450 and include

the bias claim.  Indeed, Petitioner made several filings in Case No. 19-cv-450 after January 28,

2022, and filed his appeal and several motions in the Tenth Circuit case after January 28, 2022.

*See, e.g.,* Docs. 30, 34, 37, filed in Case No. 19-cv-450, and the Tenth Circuit Court of Appeals

docket in Case No. 22-2030.  Petitioner therefore fails to show an objective, external factor that

impeded his ability to raise the claim while his previous § 2241 case was pending, and therefore

fails to establish cause for failing to raise the claim.  *See, e.g., McClesky*, 499 U.S. at 498

(Petitioners must "conduct a reasonable and diligent investigation aimed at including all relevant

claims and grounds for relief in the first federal habeas petition."); *Daniels*, 254 F.3d at 1190

("Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and

even negligence in discovering a claim will not excuse a delay."); *Stanko*, 617 F.3d at 1272 ("Mr.

Stanko does not allege that any external impediment prevented him from discovering the grounds

for relief he now raises or from including them in his earlier petition.").

        Even if Petitioner can demonstrate cause for failing to raise his bias claim in his previous

§ 2241 proceeding, he must also establish actual prejudice.  Actual prejudice requires a showing

that the petitioner suffered actual and substantial disadvantage as a result of the alleged violation.

*See Frady*, 456 U.S. at 170.  This requires a showing "not merely that the errors at ... trial created

a possibility of prejudice, but that they worked to [defendant's] actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions."  *United States v. Bailey*, 286 F.3d

1219, 1223 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 170).

Petitioner bases his bias claim on Hearing Officer Quigley's January 28, 2022 testimony in Case No. 20-cv-576.  In Case No. 20-cv-576, Petitioner claimed the respondents failed to preserve potentially exculpatory video surveillance footage.  Hearing Officer Quigley testified that he watched the video for inculpatory reasons, not for the alleged exculpatory reasons Petitioner requested, and stated to Petitioner that constitutional rights had no place in the disciplinary hearing.  *See* Doc. 51, filed in Case No. 20-cv-576, at 13, 22-27 (citing the January 28, 2022 trial transcript).  He further testified that he "had the Department's back" in the disciplinary hearing.  *Id.* at 19-20.  The Magistrate Judge found the respondents' failure to preserve the videotape evidence violated Petitioner's due process rights in that particular proceeding, and that Hearing Officer Quigley's testimony indicated "intentional, willful and in bad faith" spoliation of evidence.  *Id.* at 37-38.  The Magistrate Judge recommended restoring Petitioner's good-time credits.  *Id.*

Petitioner asserts here that Hearing Officer Quigley's testimony in Case No. 20-cv-576 demonstrates that he is biased against Petitioner and that he improperly failed to consider Mr. Gonzales' testimony.  (Doc. 5) at 2-5.  Hearing Officer Quigly's testimony, however, pertained to the facts presented in Case No. 20-cv-576, and it does not establish a constitutional violation in this case.  The underlying disciplinary decision here was based on evidence that a sergeant inventoried Mr. Franklin's property and found containers of red and blue ink and a motor known to be used for tattooing in containers of coffee and peanut butter.  *See* Doc. 22 at 2, Proposed Findings and Recommended Disposition (PFRD), filed in Case No. 19-cv-450.  A disciplinary officer conducted an investigation and recommended a hearing be held.  *Id.*  Hearing Officer Quigley conducted the hearing and found Petitioner guilty of the charge of possession of tattoo paraphernalia.  He relied on evidence that the property inventory took place in Petitioner's presence, and that Petitioner signed the Property Inventory List, which included the property

8

containing the paraphernalia, acknowledging the list was accurate. *Id.* at 2-3. Hearing Officer Quigley's findings and disciplinary recommendations were reviewed by the warden, who affirmed the decision. *Id.* at 3. The Magistrate Judge, District Judge, and Tenth Circuit all concluded that Petitioner's constitutional rights were not violated during the misconduct proceeding at issue here, Misconduct Report #N-17-06-10, because Petitioner received sufficient due process in the disciplinary proceedings and because his conviction was supported by sufficient evidence. *See* Docs. 22 and 32, PFRD and Order Adopting PFRD, filed in Case No. 19-cv-450, and *Franklin v. FNU Horton*, 2022 WL 2154299 (10th Cir. June 15, 2022) (Order affirming the District Court).

Accordingly, Petitioner's disciplinary conviction in this case was based on multiple levels of investigation and evidence. Petitioner does not allege spoliation of evidence here, and he does not link the hearing officer's testimony in Case No. 20-cv-576 to any actions taken in this case. At most, the testimony in Case No. 20-cv-576 "created a possibility of prejudice," but this is not enough to demonstrate actual prejudice. *See Bailey*, 286 F.3d at 1223 (explaining that actual prejudice requires a showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to [defendant's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."); *Farrakhan- Muhammad v. Oliver*, 688 F. App'x 560, 566 (10th Cir. 2017) (holding that "bare, conclusory assertions" of prejudice by a disciplinary hearing officer are not sufficient to demonstrate unconstitutional bias). A finding to the contrary would open the door to reconsideration of all disciplinary proceedings involving Hearing Officer Quigley, which the Court declines to do absent clear authority. Petitioner therefore fails to demonstrate actual prejudice based on the hearing officer's potential bias. Petitioner does not demonstrate a fundamental miscarriage of justice for the same reasons. *See Murray*, 477 U.S. at

9

496 (A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent.").

Because Petitioner does not demonstrate cause and prejudice, or a fundamental miscarriage of justice, the Court concludes he has not established that failure to raise this claim was not the result of inexcusable neglect.  Consequently, the claim is barred as abusive under 28 U.S.C. § 2244(a).

**B.  Petitioner's Second Claim: Hearing Officer Failed to Interview Witness**

Petitioner's second claim—that his due process rights were violated because he was not able to call witness Nick Gonzales to testify during the disciplinary proceedings—is identical to claims he raised in his earlier § 2241 petition in Case No. 19-cv-450.  Both cases challenge the same prison disciplinary proceeding, Misconduct Report #N-17-06-10.  As explained in the Screening MOO, a court may decline to consider a successive claim that was raised in a prior habeas application "unless hearing the claim would serve the ends of justice."  *Graewe*, 796 F. App'x at 496.  To demonstrate that considering a successive habeas claim "would serve the ends of justice," a petitioner "must make a colorable showing of factual innocence."  *Mays v. Carter*, 2022 WL 6616350, at *1 (10th Cir. 2022) (quoting *McCleskey*, 499 U.S. at 495).  The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence.  *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014)

Petitioner asks the Court to consider his successive claim because he maintains he was wrongly convicted of possessing tattoo paraphernalia.  (Doc. 5) at 4.  He contends the hearing

officer improperly denied his request to call Mr. Gonzales as a witness, and he disputes that the hearing officer spoke with Mr. Gonzales. *Id.* at 4-5. Petitioner filed a Motion to Supplement Petition (Doc. 6),[3] and a Supplemental Exhibit (Doc. 7), which is a letter by Mr. Gonzales stating: "Respondents committed perjury in their alle[]ging that they spoke to me in regards to Bryce Franklin's misconduct." (Doc. 7) at 3. The Letter further states that Mr. Gonzales "could have verified that prisoners' property is routinely mixed up, lost, or destroyed." *Id.*

Petitioner does not make a colorable showing of factual innocence. First, Mr. Gonzales' proffered letter states that prisoners' property is routinely "mixed up, lost, or destroyed." (Doc. 7) at 3. Nevertheless, revocation of good-time credits must be "supported by some evidence in the record," and, as set forth above, the hearing officer and warden relied on evidence that Petitioner's property was inventoried in Petitioner's presence and Petitioner signed the inventory sheet attesting the information was accurate. *See* Doc. 22 at 9, filed in Case No. 19-cv-450. Mr. Gonzales' testimony regarding a potential mix-up of property is therefore not sufficiently exculpatory to overcome the statutory bar.

Second, the hearing officer's exclusion of Mr. Gonzales as a witness is not a *per se* constitutional violation. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolf v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Id.* at 566; *see also Ponte v. Real*, 471 U.S. 491, 495 (1985) (A prisoner's right to call witness is "necessarily circumscribed by the penological need to provide

---

[3] The Court grants Petitioner's Motion to Supplement (Doc. 6) and considers the Supplemental Exhibit (Doc. 7).

swift discipline in individual cases."). Accordingly, the hearing officer and warden had discretion to deny Mr. Gonzales as a witness. *See* Doc. 22 at 9-10, filed in Case No. 19-cv-450 ("[G]iven the prison's limitation on the presence of Level VI inmates at other inmate's hearings, the hearing officer had the discretion to deny Mr. Gonzales as a witness."); Doc. 32 at 6-7, filed in Case No. 19-cv-450 ("[A]ny error by prison officials in failing to call Mr. Gonzales as a witness was harmless," and the hearing officer "had the discretion to deny Mr. Gonzales as a witness."). For these reasons, Petitioner has not established that reconsidering this successive claim would serve the ends of justice, and it is therefore barred as successive. *See, e.g., Craig v. True*, 2023 WL 11862212, at *5 (D. Colo.) ("The Court is not persuaded by his arguments. In essence, Mr. Craig is unhappy with the decision of the District Court for the Eastern District of Kentucky and wants this Court and the Tenth Circuit to reconsider his claim. Just because Mr. Craig thinks the Eastern District of Kentucky's decision was 'wrong,' does not entitle him to have this Court review the same claim.").

## IV.    Conclusion

For the reasons stated above, the Court concludes that the Petition (Doc. 1) challenging Misconduct Report #N-17-06-10 is barred as successive and abusive. Petitioner has not demonstrated that omission of his first claim in his prior § 2241 proceedings was not the result of inexcusable neglect. Nor has Petitioner established that it would serve the ends of justice to reconsider his second claim, which is identical to claims raised and rejected on the merits in the prior § 2241 case. The Court will dismiss this case without prejudice because the claims are statutorily barred as successive and abusive under 28 U.S.C. § 2244(a). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the statutory bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability

can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner Bryce Franklin's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (**Doc. 1**) is **DISMISSED without prejudice** as raising successive and abusive claims; Petitioner's Motion to Supplement (**Doc. 6**) is **GRANTED**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this civil case.

**SO ORDERED.**

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE

13